UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:11-CV-00144-R

**MICHELLE ASHCRAFT**                                                          **PLAINTIFF**

v.

**MICHAEL ASTRUE,**
**Commissioner of Social Security Administration**                **DEFENDANT**

### MEMORANDUM OPINION

This matter comes before the Court on the Magistrate Judge's report and recommendation (DN 7). The Commissioner had lodged objections to the Magistrate Judge's findings and petitions the Court to overturn his ruling (DN 10). This matter is now ripe for adjudication. For the reasons that follow, the Court declines to adopt the Magistrate Judge's recommendation. It instead grants the Commissioner's original motion to dismiss.

### BACKGROUND

The undisputed facts, as described by the Magistrate Judge, are as follows:

> The record shows that an administrative law judge (ALJ) denied the plaintiff's application for Social Security disability benefits, and the plaintiff sought review by the Appeals Council. The Appeals Council issued a notice of determination dated June 10, 2011, declining to disturb the ALJ's decision, thereby rendering the ALJ's decision the final decision of the Commissioner and making this case subject to judicial review. *See Cotton v. Secretary*, 2 F.3d 692, 695 (6th Cir. 1993) and 20 C.F.R. § 404.981 ("Effect of Appeals Council's decision or denial of review"). Plaintiff's counsel submits evidence that he did not receive notice of the decision until June 27, 2011. There is no evidence in the record as to when the Plaintiff personally received notice. The Plaintiff filed this complaint on August 24, 2011.

Report & Recommendation, DN 7 p. 1-2.

The Commissioner moved to dismiss the Plaintiff's complaint based on the 60-day statute of limitations that begins when a plaintiff receives notice from the Appeals Council. *See* 42

1

U.S.C. § 405(g). The Commissioner insisted dismissal was appropriate because the implementing regulation creates a presumption that notice from the Appeals Council is received by the claimant five days after the notice of decision. *See* 20 C.F.R. § 422.10(c). Applying this logic to the instant matter, the 60-day period elapsed on August 15, 2011, and the Plaintiff's lawsuit was filed nine days late. Plaintiff disagreed, stating that § 405(g)'s statute of limitations did not begin to run until notice from the Appeals Council reached his attorney, making the deadline to file August 26, 2011.

The Magistrate Judge reviewed the relevant statutory provisions and precedent from this and other circuits. He recognized that the majority of these decisions supported the Commissioner's argument, but adopted the reasoning of a contrary opinion, *Roberts v. Shalala*, 848 F. Supp. 1008 (M.D. Ga. 1994). *Roberts* persuaded the Magistrate Judge for a number of reasons, but principally because many individuals proceeding under the Social Security regime suffer from physical and mental handicaps. Report & Recommendation, DN 7 p. 3-4. Thus, it was unjust to measure the statute of limitations from the receipt of notice by the claimant rather than the legal representative considering the threat of claimants losing or misplacing notice from the Appeals Council without informing their attorneys. On the basis of *Roberts*, the Magistrate Judge denied the Commissioner's motion to dismiss.

The Commissioner has filed his objections, petitioning the Court to reject the Report and Recommendation and instead adopt the prevailing view on notice and the statute of limitations.

## STANDARD

The standard of review for district courts when reviewing a report and recommendation is contained within 28 U.S.C. § 636. When objections are raised to the magistrate judge's report, the district court "shall make a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The district court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

## DISCUSSION

The instant controversy confronts the 60-day statute of limitations for Social Security decisions as set forth in 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210(c). The former provides that a civil action for judicial review must be filed within 60 days of the mailing of notice:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced *within sixty days after the mailing to him of notice* of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added). The applicable regulations examining § 405(g) clarify that claimants must file suit within 60 days after the Appeals Council's notice of denial or notice of decision is "received by the *individual*, institution, or agency." 20 C.F.R. § 422.210(c) (emphasis added). "[T]he date of receipt of notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council *shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.*" *Id.* (emphasis added).

The true point of contention is whether the term "individual" within 20 C.F.R. § 422.210(c) means the claimant or the claimant's attorney. Under the Plaintiff's interpretation, her attorney is the "individual" to be notified by the Appeals Council and therefore the instant action was filed within 60 days of the notice of decision. Alternatively, was the Court to decide in favor of the Commissioner, then the 60-day limitations period would begin on June 15, 2011, five days after the Appeals Council issued its decision and Plaintiff presumptively received the

notice of the decision. The Commissioner's argument obviates the need for the Plaintiff's attorney to receive notice on June 27, 2011, as § 422.210(c)'s language presumes his client possessed the notice twelve days prior.

The prevailing precedent in this and other circuits agrees with the Commissioner's definition of "individual." *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 436 (6th Cir. 2007) ("This court has agreed that the date for filing a Social Security complaint runs from the date that the *applicant* receives the SSA's denial notice, not from the date of mailing.") (emphasis added) (citation omitted); *Bess v. Barnhart*, 337 F.3d 988, 990 (8th Cir. 2003) ("We conclude that notice received by either the individual or the individual's attorney, whichever occurs first, triggers the sixty-day limitations period [of 42 U.S.C. § 405(g)]."); *Franks v. Apfel*, 185 F.3d 866, at *1 (9th Cir. 1999) (table) ("[42 U.S.C. § 405(g)] plainly and unambiguously calculate the date as running from notice to the claimant, not the claimant's attorney."); *Flores v. Sullivan*, 945 F.2d 109, 112 (5th Cir. 1991) ("Both [42 U.S.C. § 405(g) and 20 C.F.R. § 422.210(c)] pinpoint receipt by the individual claimant, instead of by his representative, as the event that starts the sixty days."); *Harris v. Astrue*, No. 3:11-CV–00026, 2011 WL 3740770, at *2 (N.D. Miss. Aug. 4, 2011) ("Under 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210(c) (2011), a claimant has 60 days from the date she receives notice of the Appeals Council's decision denying a request for review to file an action in federal court."); *Singleton v. Comm'r of Soc. Sec.*, No. 1:09-CV-933, 2010 WL 3734053, at *1 (W.D. Mich. Sept. 20, 2010) ("The individual referenced by the [42 U.S.C. § 405(g)] is the claimant or applicant for Social Security benefits."). The near unanimity among the various circuit and district courts that "individual" does not mean a "claimant's attorney" is reason enough to reject the Magistrate Judge's recommendation.

Assorted sections of the code and regulations governing Social Security claims offer

additional guidance. Many include language emphasizing that "individual" refers to claimants of benefits rather than their legal representatives. *See* 42 U.S.C. § 405(g) (sixty days begins to run after the mailing of the notice to "him"); 20 C.F.R. § 404.901 ("Date *you* receive notice means 5 days after the date on the notice, unless *you* show us that *you* did not receive it within the 5–day period.") (emphasis added); *id*. § 422.122(a)-(b) (referring to "claimant" and "individual" interchangeably); *id*. § 422.125(a)-(f) (using "individual" in reference to recipient of Social Security benefits); *id*. § 422.130(b) (referring to an "individual" as the only filing an application for monthly benefits); *id*. § 422.210(b) (litigation must be initiated in judicial district where "individual" resides). A fair reading of these and other provisions demonstrates that the term "individual" is not interchangeable with "claimant's attorney."

The Magistrate Judge's reliance on *Roberts v. Shalala*, 848 F. Supp. 1008 (M.D. 1994) was not altogether unreasonable. Nevertheless, *Roberts* is an outlier – the cases the Court has reviewed state unequivocally that claimants' attorneys are not implicated by the term "individual" in 20 C.F.R. § 422.210(c). The clear and plain language of the statutes and regulations governing the Social Security regime accentuate this conclusion. Thus, the Court rejects the Magistrate Judge's recommendation that the date of the counsel's receipt of notice supersedes the five-day presumption of delivery to the claimant in 20 C.F.R. § 422.210(c).

The Court must assume Plaintiff received the notice of the Appeal Council's decision on June 15, 2011, thereby requiring the lawsuit to be filed no later than August 15, 2011. Pursuant to 20 C.F.R. § 422.210(c), Plaintiff's suit is untimely unless she can rebut the presumption that she received notice of denial within the five days after the Appeal Council's decision.

Plaintiff submitted exhibits documenting her attorney's receipt of the Appeals Council's decision. DN 5-2; DN 5-3. This evidence is irrelevant since the non-receipt by the claimant, not

the claimant's attorney, controls the five-day presumption. Cases ruling a claimant satisfied the "reasonable showing" requirement of § 422.210(c) have required evidence demonstrating the plaintiff's lack of receipt. *Pettway v. Barnhart*, 233 F. Supp. 2d 1354, 1357 n. 5 (S.D. Al. 2002) (collecting cases). By itself, an affidavit from the claimant asserting non-receipt is not enough to rebut the presumption. *See Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997) ("sworn word" by the claimant that he did not receive notice was insufficient to rebut statutory presumption); *Rouse v. Harris*, 482 F. Supp. 766, 768-69 (D.N.J. 1980) (assertion by claimant of non-receipt was inadequate "cannot provide a substitute for a more concrete showing"). Here, Plaintiff is silent on the matter since no affidavit or statement has been presented on whether she received notice from the Appeals Council or not. Because no evidence is before the Court on the receipt or non-receipt of the notice by Plaintiff, she has failed to rebut the five-day presumption. The statute of limitations tolled prior to her lawsuit and the Commissioner's motion to dismiss is proper.

## CONCLUSION

Though the impact of this decision may seem harsh, the Court cannot discard the plain language of the relevant statutes and regulations to craft its own, more equitable solution. The statute of limitations in place for Social Security benefits claims serves "to move millions of cases to speedy resolution in a bureaucracy that processes millions of cases annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). Accordingly, a strict interpretation of that limit is justified. *See e.g.*, *Biron v. Harris*, 668 F.2d 260, 260-61 (6th Cir. 1982); *Whipp v. Weinberger*, 505 F.2d 800 (6th Cir. 1974).

For the reasons discussed above, the Court REJECTS the report and recommendation by the Magistrate Judge.  The Commissioner's motion to dismiss is hereby GRANTED.  The clerk of Court is directed to strike this matter from the active docket.

An appropriate order shall issue.